## EAST BROOKLYN BOX CO. *vs.* ALOYSIUS NUDLING.

*Pleading—Sufficiency of Declaration in Action of Negligence.*

The declaration in an action to recover damages for personal injuries alleged that the plaintiff was employed by the defendant and was injured by the negligence of the defendant in prematurely starting a steam split saw ; that the premature running of said saw was due to the defective and unskilful manner in which the same had been erected and suffered to remain, of which the plaintiff then had no knowledge and which the plaintiff from lack of knowledge of machinery could not, by the exercise of due care, have ascertained, and that the accident was not due to any fault on the part of the plaintiff, who used due care and caution.   *Held*, that a demurrer to the declaration was properly overruled, since under it such facts might be proved as would entitle the plaintiff to recover.

Appeal from the Circuit Court for Anne Arundel County.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Daniel R. Magruder* and *Robert Moss*, for the appellant.

*James W. Owens* and *Wm. J. Kennedy*, for the appellee.

PEARCE, J., delivered the opinion of the Court.

There is but a single narrow point for determination in this appeal arising upon a demurrer to the declaration, and it is not without interest, though it may be briefly disposed of. While affirming the ruling appealed from, it is due to the ap-

pellant's counsel to say that their views of the law were presented with much force.

This suit was brought by the appellee to recover damages for injuries alleged to be due to negligence of the appellant in prematurely starting a steam split saw, while the appellee, one of its employees, was engaged in filing the saw. The trial resulted in a verdict for plaintiff under instructions to which no exceptions were taken by either party. The declaration alleges that plaintiff's injuries were received "through the premature running and operation of the saw ; that the premature running and operation of said saw, was due to the defective and unskilful manner in which the same, and the connecting pulleys, belt, and shafting had been erected and suffered to remain, of which the plaintiff then had no knowledge or information, and which, the plaintiff, *from lack of knowledge of machinery*, could not, by the exercise of due care, have ascertained ; and that the accident was not due to any fault or want of care on the part of the plaintiff, who used due care and caution."

The demurrer is based upon the insertion in the declaration of the words we have italicized, and the contention is that the effect of these words is to charge the plaintiff with contributory negligence in undertaking a service which resulted in injury to him by reason of his self-confessed "lack of knowledge of the machinery" which he undertook to put in order.

It is true that one entering an employment, impliedly represents "that he is competent to perform the duties of the position which he seeks, and competent to apprehend and avoid all dangers that may be discovered by ordinary care and prudence," provided he is "apparently, of sufficient age, physical ability, and mental caliber to perform the service." *Bailey's Masters Liability for Injuries to Servants*, 133. And where there is an opportunity for proof, it may be presumed—in the absence of proof to the contrary—that the plaintiff comes within these requirements. But there is nothing in the declaration to show the plaintiff's age, intelligence, or physical capacity ; when he was employed, or for what service, or what

opportunity he had to acquire any knowledge of the condition of the machinery which operated the saw. He may have been an intelligent adult, and have been for a long period in the service of the defendant, and may have been familiar with all the alleged defects which rendered it dangerous to file the saw while at rest, though the demurrer admits that he had not such familiarity, but for aught the declaration discloses, he may have been an infant of immature years and understanding, or he may have been employed for the first time for that particular service without any knowledge, or means of knowledge, of the risks incident thereto.

If the testimony in the case warranted the claim that he was guilty of contributory negligence, or that his injuries were due to the negligence of a fellow servant barring his recovery, these questions could, and should have been, raised by prayers.

Where the declaration clearly shows that the plaintiff was guilty of contributory negligence, advantage may be taken by demurrer; an allegation in the declaration that he used due care will not save the declaration from being bad. 5 *Ency. Plead. and Prac.*, 10.

But the true rule for this case, the rule indicated by sound reason, we think is well laid down in *Rumpel* v. *Oregon Short Line R. Co.*, 22 L. R. A. 725, which is closely analogous to the present case in its legal aspect. There, the plaintiff, in his complaint, alleged that he was compelled to, and did, pass under one of the cars of a train which was blockading a street crossing, and that the train suddenly started and injured him. The Court said, at first sight it would appear that the plaintiff had pleaded himself out of Court, as it would be difficult to conceive a condition of things existing, where it would not be negligent to pass under one of the cars of a freight train; but upon full consideration the Court concluded by saying: "We are not prepared to say however, that under this complaint, a state of facts could not be proven which would entitle the plaintiff to recover, and therefore we sustain the Court in overruling the demurrer." We think this de-

cision was grounded on common sense and in sound legal discrimination.

In the case before us when the proof was gone into, a state of facts was developed as appears from the prayers incorporated in the record, with which we have nothing to do, but which resulted in a verdict for plaintiff, without any exceptions being taken by either party, either as to the admission of testimony, or as to any instructions offered, and it would be difficult to imagine stronger confirmation of the reasoning of the Nevada Court in the case cited.

> *Judgment affirmed with costs to the appellee above and below.*

(Decided January 22nd, 1903.)