THE PHILADELPHIA, BALTIMORE AND WASH-INGTON RAILROAD COMPANY *vs.* ROBERT J. ALLEN.

*Sufficiency of Declaration in Action Against Carrier for Negligence.*

The declaration in an action for personal injuries, by a passenger against a carrier, is sufficient, both at common law and under the Code, when it sets forth that the defendant operated a certain railroad and received plaintiff as a passenger to be safely carried upon said railroad on a journey from A to B, yet the defendant did not safely carry plaintiff on said journey, and so negligently and unskillfully conducted itself in carrying the plaintiff, and in managing said railroad, and the car and train in which plaintiff was a passenger, that the plaintiff, while in the exercise of due care on his part, was thereby thrown down and wounded and injured.

Appeal from the Circuit Court for Talbot County, where there was a verdict for the plaintiff for $10,000.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, SCHMUCKER and JONES, JJ.

*L. M. Haines* (with whom were *J. C. Mullikin* and *A. L. Crothers* on the brief), for the appellant.

*Albert Constable* (with whom were *Joseph B. Seth* and *George W. Wilson* on the brief), for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

The only question which is before the Court for decision on this record arises on the plaintiff's demurrer to the defendant's third plea. The plea is undoubtedly bad and the demurrer to it was properly sustained; but the contention of the defendant—the appellant here—is, that as the demurrer mounted up to the first error in the pleadings and as the declaration is insufficient, because indefinite and vague the trial Court should have looked back to the declaration and should have held it bad, instead of striking down the third plea. So the ultimate and single inquiry presented is this: Is the declaration sufficient in law? The declaration is brief and will be found set forth in the margin.*

The suit is between a passenger and a carrier, to recover damages for a personal injury sustained by the former in consequence of the alleged negligence of the latter whilst transporting the plaintiff over its railroad. The objection to the

---

*IN THE CIRCUIT COURT FOR CECIL COUNTY.

*State of Maryland, Cecil County, to-wit:*

Robert J. Allen, by his attorneys, Albert Constable, sues the Philadelphia, Baltimore and Washington Railroad Company, for that the defendant is a corporation possessing and operating a railroad from between Bridgeville and Seaford, and was a carrier of passengers from said Bridgeville to said Seaford for reward to the defendant; and the plaintiff became and was received by the defendant as a passenger to be by it safely and securely carried upon said railroad on a journey from said Bridgeville to said Seaford for reward, to the defendant; yet the defendant did not safely and securely carry the plaintiff upon said railroad on said journey and so negligently and unskillfully conducted itself in carrying the plaintiff upon said railroad on said journey; and in managing the said railroad and the car and train in which the plaintiff was a passenger upon the said railroad on the said journey as aforesaid, that the plaintiff while in the exercise of due care upon his part, was thereby thrown down and wounded and injured, and incurred loss of time and expense in and about the care of his wounds and injuries.

And the plaintiff claims twenty thousand dollars.

                                        Albert Constable,
                                        Plaintiff's Attorney.

declaration is, that it fails to specify the particulars wherein the negligence of the railroad company consisted, and was therefore too uncertain to apprise the defendant of the precise act of negligence upon which the plaintiff relied to sustain a recovery.   This objection is more of an academic than a practical one *in this case;* because, had the declaration been so vague as not to inform the defendant of the facts constituting the cause of action, the defendant would have surely demurred directly to it, instead of interposing several pleas; and would not have gone into a trial lasting five days before a jury, on the issues of fact joined on those pleas, and would not have delayed until reaching this Court before questioning the sufficiency of the *narr.*, on the ground of the insufficiency of its averments.   It seems a little singular that the company, after contesting a case on its merits through all of its stages and until the rendition of the verdict against it and the entry of the judgment thereon, should fail to discover until the trial had ended, and the record was in this Court what neglect of duty it was charged with.   There is no pretence that by reason of the vagueness of the *narr's.* allegations the company was deprived of an opportunity to present any defence it might have had; and it is not even suggested that if a new trial were awarded and the *narr.* were amended so as to set forth more specifically the cause of the injury, the railroad company would be any more definitely apprised of the facts relied on to sustain a recovery, than it was when it filed its pleas; or that it would be, in consequence of such an amendment, better prepared to shape its defence.   The question before us, is, therefore, not a practical one; but as it is raised it must be disposed of.

As we have said, this is a case between a passenger and a carrier of passengers to recover damages for an injury sustained by the passenger in consequence of the negligence of the carrier during the period the above-named contractual relation existed between them.   The degree of care required by such a carrier and the precise duty which it owes to such a passenger is clearly defined in the law.   The carrier owes to

the passenger the exercise of the utmost care and diligence which human foresight can use, though not an insurer of the safety of the passenger. *Balto. City Pas. Ry. Co.* v. *Nugent*, 86 Md. 349. A breach of that duty is negligence, and if any injury results therefrom and is the consequence thereof an action will lie at the suit of the person thus injured. It is the breach of the duty which is owed that constitutes the cause of action. The particular circumstances which evidence that breach, are not the breach itself, but are merely the facts which prove that a breach of the duty that was owed had occurred. Now, in the structure of pleadings even in their strictest forms before the introduction of modern simplified systems, it was a most important principle of the law of pleading that, although any particular fact might be the gist of a party's case and though the statement of it was indispensable, still in alleging the fact it was unnecessary to state such circumstances as merely tended to prove the truth of the fact alleged. The dry allegation of the fact, without detailing a variety of minute circumstances which constituted the evidence of it was sufficient. 1 *Chitty's Pl.* (8 Am. ed.) mar. p. 225. And this doctrine obtains today when much of the verbiage and nearly all of the technical precision once required in pleadings have been dropped and abandoned. As only the facts constituting the cause of action need be stated, it is a cardinal rule that they must be averred or set forth with certainty by which term is signified a clear and distinct statement of them so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations and by the Court who are to give judgment. 1 *Chitty's Pl.* (8 Am. ed.), mar. p. 233. Let us now see whether the declaration we are dealing with complies with these requisites.

It states that the plaintiff was a passenger between certain named points on the railroad of the defendant company; that the company undertook to carry the plaintiff safely and securely from one of those points to the other; that the company "so negligently and unskillfully conducted itself in carrying the plaintiff and in managing the said railroad and the car and

train in which the plaintiff was a passenger   *   *   *   that the plaintiff   *   *   *   was thereby thrown down and wounded and injured," &c. Here, then, is a distinct statement of the duty owed by the carrier to the passenger; and a like averment of the breach of that duty in the negligent and unskillful *management* of the railroad, the car and the train, whereby the plaintiff was thrown down and injured. The dry allegation of fact is that the company negligently *managed* its railroad and train and car; but the evidentiary facts proving or tending to prove that negligence are not set forth, and there was no occasion to aver them. The asserted negligence and not the facts which proved the negligence constituted the cause of action. Negligence may be made manifest by a variety of circumstances; but whatever the evidentiary circumstances may be, the thing they prove if they have probative value at all is negligence and negligence in respect of some designated act *of commission or omission is the thing* to be proved, and therefore the thing to be alleged in the pleading. In this instance it was alleged to be the negligence of the company in *managing* its railroad and the car and train in which the plaintiff was a passenger; and that this averment sufficiently apprised the defendant of the charge it was required to answer is apparent from the circumstance that it entered the plea of not guilty and proceeded to trial thereon instead of challenging the declaration by a demurrer on the ground of vagueness and uncertainty. An averment that the cause of the injury was the *negligence* of the company in managing its railroad and the car and train in which the plaintiff was a passenger is a definite statement of the fact upon which the plaintiff relied to sustain a recovery, and did not need to be amplified by a recital of other facts which, if established, merely proved that there had been negligence in the *management* of the railroad and train and car in which the plaintiff was a passenger.

But apart from the aforegoing considerations there are precedents for the form of the declaration used in this case. In *Bullen & Leake Precedents of Pleading*, 284, a very similar declaration will be found. The averments there made are,

that the carriers "so negligently and unskillfully conducted themselves in carrying the plaintiff upon said railway on the journey aforesaid, and in managing the said railway and the carriage and train in which the plaintiff was a passenger upon the said railway  *  *  *  that the plaintiff was thereby wounded and injured, &c." That form is supported by, or at least a similar one was followed in, the case of *Curtis* v. *Drink-water*, 2 B. & Ad. 169; and the case of *Brien* v. *Bennett*, 8 C. & P. 724. See also substantially the same form in 2 *Chitty's Pl.* (8 Am. ed.) mar. p. 650. In *Art. 75, sec. 24, sub-sec. 36, Code 1904*, the form given for a case like this, contains the averment, that "by reason of the insufficiency of an axle of the car in which he was riding the plaintiff was hurt;" and the same sub-section declares: "This form may be varied so as to adapt it to many cases, by merely changing the allegation as to the cause of the accident." The declaration in the case at bar conforms to the requirements of the Code, since it distinctly alleges that "the cause of the . accident" was the defendant's negligence "in *managing* its railroad, and the car and train in which the plaintiff was a passenger."

The Court below committed no error in not declaring the declaration bad, and the judgment appealed against will be affirmed. It is accordingly so ordered.

*Judgment affirmed, with costs above and below.*

(Decided November 16th, 1905.)