# THE AMERICAN EXPRESS CO.

*vs.*

## STATE, USE OF ANNA DENOWITCH, WIDOW, AND MOTHER OF FLORENCE DENOWITCH.

*Declarations: sufficiency of—. Injuries to children: suits by mother. Evidence: province of court and jury. Prayers: taking case from jury.*

The object of all pleading is that the parties litigant may be informed of the matters in controversy between them, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who is to give judgment.          p. 74

Under the code, any declaration which contains a plain statement of fact, necessary to constitute a ground of action, is sufficient.                                     p. 74

A declaration in a suit brought by a mother, the father being dead, to recover damages for the death of an infant daughter, alleged to have been caused by the negligence of the agents of the defendants while driving a motor truck, was: *Held,* to be sufficient, both under the general rules of pleading and of Article 75, sections 2 and 3 of the code.             p. 75

Questions of conflict of evidence are for the jury, and not for the court to determine.                           p. 78

In general, the weight of testimony and the credibility of witnesses are for the jury, and not for the court.          p. 76

Where there is any evidence competent, pertinent and of probative force tending to support the plaintiff's case, a prayer taking the case from the jury is erroneous.                    p. 73

*Decided January 15th, 1918.*

Appeal from the Baltimore City Court.   (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*Floyd J. Kintner,* for the appellant.

*C. John Beeuwkes* (with whom were *Samuel A. Harris, Frank & Emory* on the brief), for the appellee.

The Court declined to hear *Eli Frank,* for appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal presents for review the rulings of the Court below, upon the defendant's demurrer to the plaintiff's declaration, and in refusing to grant the defendant's third, fourth and fifth prayers which sought to withdraw the case from the consideration of the jury, upon the ground that the evidence was not legally sufficient to show that the death of the plaintiff's daughter was caused by the negligence of the defendant, or its servant and agent.

The suit was brought by the equitable plaintiff (widow), the mother of the deceased, on the 14th of September, 1916, in the Baltimore City Court, against the defendant, the American Express Company, a body corporate, to recover for the death of her daughter, an infant, which was caused by the alleged negligence and carelessness of the defendant,

while engaged in operating a motor truck on Baltimore street, near High street, in the City of Baltimore.

The plaintiff recovered a verdict for the sum of $2,500, and from a judgment on this verdict the defendant has appealed.

The demurrer is based, upon the contention, that the declaration is insufficient in law and does not disclose a substantial cause of action, and the contention is, the demurrer should have been sustained and not overruled.

The manifest object of all pleading is that the parties litigant may be informed of the matters in controversy between them, so that they may be understood by the party, who is to answer them, by the jury who are to ascertain the truth of the allegations and by the Court who is to give judgment. 1 *Chitty's Pleading,* 233.

By section 2, Article 75 of the Code, it is provided that whatever facts are necessary to constitute the ground of action, defense or reply as the case may be, shall be stated in the pleading and nothing more. And by section 3, Article 75, of the Code, it is further provided that any declaration which contains a plain statement of the facts necessary to constitute a ground of action shall be sufficient and any plea necessary to form a legal defense shall be sufficient without reference to mere form.

The suit in this case is an action brought under Article 67 of the Code to recover damages and compensation for the death of the infant daughter of the equitable plaintiff, caused by the wrongful act and negligence of the defendant, as set forth in the declaration.

The declaration, it will be seen, upon examination, contains the necessary facts to constitute a ground of action and to meet the legal requirements of this form of action.

Its substantial averments are as follows: That on or about the 20th of June, 1916, the defendant, a body corporate, was by its agents and servants operating a motor truck on Baltimore street, near High street, in the City of Balti-

more, and the agents and servants of the defendant then and there negligently and carelessly caused the motor truck to run into and against the infant, thereby inflicting upon her serious injuries, which caused her death, and that the injuries and her death were directly caused by the negligence and carelessness of the agents and servants of the defendant in charge of the operation of the motor truck, without negligence and carelessness on the part of the infant, directly contributing thereto, and thereby the mother of the equitable plaintiff has been and will be deprived of the services, labor and assistance of the child, to which she was legally entitled, and that the mother was also obliged to expend a sum of money for the burial of the infant child, and was thereby also caused other financial loss and damage.

While this declaration contained all the essential and legal requirements necessary to constitute a good cause or ground of action, there was filed with it a bill of particulars, informing the defendant of the precise nature and extent of the suit. It states that the suit was brought by the mother of the deceased, whose father was dead, to recover compensation for damages, privations and losses resulting to her by reason of the death of her child, which was caused by the negligence and carelessness of the defendant's agents and servants. The death occurred on the 23rd day of June, 1916, and was caused by injuries sustained by her through the carelessness and negligence of the agents and servants of the defendant, engaged in operating a motor truck on Baltimore street near High street, in the City of Baltimore, State of Maryland, the motor truck having been negligently and carelessly caused by the agents and servants of the defendant to run into and against the infant, who was at the time within a few days of the age of seven years. That Florence Denowitch was at the time in good health and was living with the equitable plaintiff, who, by reason of the wrongful act, neglect and default of the defendant, has been deprived of the support, maintenance, services, care and attention of the infant. The

amount of compensation claimed is the sum of ten thousand dollars ($10,000.00).

There can be no doubt, we think, that the declaration sufficiently sets forth the necessary facts to constitute a ground of action, both under the rules of pleading and the Code, Article 75, sections 2 and 3, and the Court below was entirely right in overruling the demurrer, with leave to plead. *East Brooklyn Co.* v. *Nudling,* 96 Md. 390; *P., B. & W. Rwy.* v. *Allen,* 102 Md. 110; 1 *Chitty's Pl.,* 225, 233; *American Pav. Co.* v. *Davis,* 127 Md. 480; *Phelps* v. *Howard Co.,* 117 Md. 175.

At the trial of the case the defendant, at the close of the testimony, noted one exception, and that was to the ruling of the Court in refusing to grant its third, fourth and fifth prayers. These instructions were demurrers to the evidence, and in the view we take of the case there was sufficient evidence to take the case to the jury and they were properly refused.

The law is well settled in this State, in cases of this character, that the Court has no power to decide upon the comparative weight of evidence, but that is a question exclusively for the jury. If there is any evidence competent, pertinent or of a probative force, to support the plaintiff's case, or tending to sustain the claim, the weight and value of such evidence must be left for the consideration of the jury. *Jones* v. *Jones,* 45 Md. 154; *Balto. Elevator Co.* v. *Neal,* 65 Md. 438; *Burke* v. *M. & C. C. of Balto.,* 127 Md. 560.

In the case at bar some of the material facts are not only left by the evidence in dispute, but the plaintiff's testimony and that on the part of the defendant are in conflict and at variance as to many of the particulars and the location of the accident.

The unfortunate accident which caused the child's death occurred on East Baltimore street, between High and Albemarle streets, while she was attempting to cross Baltimore street to reach her home on the north side of that street. Baltimore street, it is stated, at the place of the accident is

about 40 feet wide from curb to curb, and there are double street-car tracks upon it. The north tracks being used by westbound cars and the south tracks by eastbound cars. She was struck by a motor truck belonging to the defendant, after she had crossed the south and the north car tracks and had reached the curb, near the pavement of the street.

It is admitted in the defendant's brief that the plaintiff's testimony presents one explanation of what occurred at the time of the accident and the defendant's another.

The theory of the plaintiff's case is that the child had crossed both tracks and was within a few feet of the north curb, when the course of the motor truck was negligently permitted to skid or swerve from the northbound track to the north curb, and that this change of course, without the blowing of any horn or the giving of any signal, prevented the child from reaching the north curb before the front wheel of the motor truck struck her.

The defendant's theory of the accident is stated in its brief to be that there were two electric cars going east on Baltimore street at the time, one discharging passengers just west of High street and the other approaching it from the rear; that the child ran between them; at the same time the defendant's truck was passing west on the north side of the cars; that the chauffeur saw the child, then only four feet distant from him, as she came from between the cars; that to avoid the child he quickly swerved the car to the right and ran the right front wheel into the curb, and that she ran into the side of the car, striking the battery box and fell to the street near the left rear of the truck wheel.

Without stopping to dwell upon the testimony or stating it in detail, it is sufficient to say that it is utterly and irreconcilably in conflict.

The plaintiff's testimony, if believed, tends to sustain and support the plaintiff's case, while the testimony upon the part of the defendant is in conflict and tends to show that the deceased was guilty of contributory negligence.

It is well settled, upon all the authorities, that where such conflict occurs and exists, as in this case, a question is presented falling exclusively within the province of the jury to decide, and is not for the Court to pass upon the credibility of the witnesses, nor to determine and characterize the quality or the value of 'the evidence, as a matter of law.

There was no exception to the granting of the plaintiff's three prayers, and these, with the defendant's sixth, seventh and eighth granted prayers, submitted the law of the case upon negligence and contributory negligence.   *Winner* v. *Linton,* 120 Md. 281; *Havermale* v. *Houck,* 122 Md. 83; *Fletcher* v. *Dixon,* 107 Md. 425; *Schier* v. *Wehner,* 116 Md. 554.

Finding no error in the rulings of the Court, and as the case was properly submitted to the jury the judgment will be affirmed.

*Judgment affirmed, with costs.*