THE READ DRUG AND CHEMICAL COMPANY
OF BALTIMORE CITY, ET AL. *v.* COLWILL
CONSTRUCTION COMPANY, INC.

[No. 285, September Term, 1967.]

*Decided July 1, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*George T. Tyler,* with whom was *Thomas D. Washburne* on the brief, for appellant, The Read Drug and Chemical Company of Baltimore City.

*Bryan B. Haddaway,* with whom were *Howard C. Bregel* and *Calvert R. Bregel* on the brief, for appellants, Nora M. Brooks et al.

*Melvin J. Sykes,* with whom was *Paul M. Higinbothom* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal principally involves the sufficiency of the allegations of a declaration in tort filed by Nora M. Brooks and Melvin J. Brooks, Jr., her husband, two of the appellants, against The Read Drug and Chemical Company of Baltimore City (Read) and Colwill Construction Company, Inc. (Colwill) to recover for damages allegedly resulting from the falling of Mrs. Brooks at the rear entrance to Read's place of business in the Dundalk Shopping Center in Baltimore County. Also involved is whether the Circuit Court for Baltimore County (Turnbull, J.) erred in granting Colwill's motion ne recipiatur and to strike the cross-claim of Read against Colwill.

On March 5, 1964, Mr. and Mrs. Brooks filed their declaration which contained two counts. The first count presented Mrs.

Brooks' claim against Read and Colwill; the second count alleged the claim of Mr. Brooks for loss of the services of his wife and for her medical expenses.

The first count is the important one, and contains, in relevant part, the following allegations:

"For that on or about March 5, 1961, the Defendant, The Read Drug and Chemical Company of Baltimore City, operated a drug store business at 29 Shipping Place, Baltimore 22, Maryland, located in the Dundalk Shopping Center, Baltimore County, Maryland, to which the public was invited to shop for drugs and merchandise, and on or about said date, the said Defendant, The Read Drug and Chemical Company of Baltimore City and the Defendant, Colwill Construction Company, Inc., caused, had in progress and undertook to make certain improvements, repairs or remodeling in and upon the said premises. The Plaintiff, Nora M. Brooks, on said date, was on the said premises and entering the said Defendants' store as a customer or invitee, in response to Defendants' invitation and the said Defendants negligently and carelessly permitted a loose board to be placed at the rear door or entrance of the said store for customers and invitees to walk upon to enter the said premises; that the said condition and walkway thus created was hazardous for persons using the said premises and store entrance, and no warning was given to the Plaintiff, Nora M. Brooks, of the existence of the said hazardous condition or the danger created thereby. While exercising due care, the said Plaintiff tripped and fell as she was walking on the said wooden walkway and was seriously, painfully and permanently hurt, injured and wounded in and about her head, neck, body, and limbs and was rendered unconscious, and she suffered and will continue to suffer great pain and severe and permanent injury and shock to her body and to her nerves and nervous system, and great pain and mental anguish, all of which was proximately caused by the

negligence and carelessness of the said Defendants that the Plaintiff, Nora M. Brooks, came under treatment for her injuries by physicians and surgeons and is precluded from performing her customary duties, employment and engaging in her usual activities and pursuits, and she will, in the future, be prevented by her injuries and resulting infirmities, from performing any duty and engagement in any activity or pursuit requiring full and normal use of her body, neck and limbs, and she was, is, and will be otherwise hurt, injured, wounded and damaged, and that the said Plaintiff avers that all of her injuries, wounds, damages, pain, suffering and losses, past, present and future, were, are and will be due solely to and by reason of the negligence and carelessness of the Defendants, and without any negligence or want of due care on the part of the said Plaintiff directly contributing thereto, and the Defendants are jointly or severally liable to the said Plaintiff therefor."

The *ad damnum* clause claimed $100,000.

The second count incorporated by reference the allegations of the first count, and alleges that Mrs. Brooks, wife of the plaintiff husband:

"* * * as a result of the Defendants' negligently and carelessly permitting a loose board to be placed at the rear door or entrance of the said drug store for customers and invitees to walk upon and to enter the said premises; and that as a result of the hazardous and dangerous condition created thereby, and the ensuing fall and injuries to the Plaintiff's Wife, Nora M. Brooks, all of which was proximately caused by the negligence and carelessness of the said Defendants, her Husband, the Plaintiff, suffered loss and damage and was and is and will be deprived of the services of his Wife and has incurred and will incur expenses for her medical treatment and care and for the services of physicians required to treat and administer to her in-

juries and resulting infirmities, and has suffered and will suffer other loss and damage."

The *ad damnum* clause for the second count claims $50,000.

On April 5, 1964, Colwill filed a demurrer to the declaration alleging the following grounds:

"1. That the alleged cause of action did not accrue within three years before this suit.

"2. That the Plaintiffs' action is barred by the statute of limitations.

"3. That it is apparent from the face of the Declaration that the within cause of action did not accrue within three years before this suit.

"4. That said Declaration does not set forth any cause of action for which this said Defendant is liable to the Plaintiffs in damages in each and every count.

"5. That said Declaration does not set forth any legal liability on the part of this Defendant to the Plaintiffs.

"6. That it is apparent from the face of the Declaration that the Plaintiff was not an invitee or customer of this Defendant and therefore, the allegations in the Declaration as to duty owed to the Plaintiffs by this Defendant and as to breach of any such duty does not set forth any legal liability on the part of this Defendant to these Plaintiffs.

"7. That said Declaration is bad in substance and insufficient at law.

"8. And for such other and further reasons to be shown at the hearing hereon."

On May 11, 1964, Read filed a special plea of limitations and the general issue plea that it did not commit the wrongs alleged, so that the action was at issue as between the plaintiffs and Read.

On the following day, May 12, 1964, Read filed a third-party claim against its landlord, the Dunleer Company, for all damages that may be adjudged against it in favor of the original plaintiffs. Although there have been several attempts to obtain

service of the third party claim on the landlord, service had not been effected prior to the appeal in this case.

Judge Turnbull, on June 4, 1964, sustained Colwill's demurrer without leave to amend as to Colwill, with leave, however, to file a motion within 30 days to strike out the ruling. Such a motion was duly filed. Thereafter, on July 11, 1966, Colwill's demurrer was sustained with leave to amend in 30 days. On November 9, 1966, the trial court extended Colwill's time to plead and granted the plaintiffs leave to file an amended declaration. The plaintiffs, Mr. and Mrs. Brooks, elected not to amend, and on June 14, 1967, the lower court entered judgment for Colwill for costs. The appeal was seasonably taken to this Court from that judgment.

(1)

We are of the opinion that the lower court properly sustained Colwill's demurrer to the declaration, and, upon the election of Mr. and Mrs. Brooks not to amend, properly entered a judgment in favor of Colwill for costs.

The basic requirement for allegations in a declaration appears in Maryland Rule 301 c which states that it contain "a clear statement of *facts* necessary to constitute *a cause of action* * * *." (Emphasis supplied.) Our predecessors have held that a declaration in order to state a cause of action for negligence must allege, with certainty and definiteness, facts and circumstances sufficient to set forth (a) a *duty* owed by the defendant to the plaintiff, (b) a *breach* of that duty and (c) injury *proximately resulting* from that breach. As Judge Parke, for the Court, stated in *Jackson v. Pennsylvania R. R. Co.*, 176 Md. 1, 5, 3 A. 2d 719, 721 (1939) :

> "In order for a plaintiff to have a right of action in negligence against a defendant there must exist a duty which is owed by the defendant to the plaintiff to observe that care which the law prescribes in the given circumstances, a *breach* by the defendant of that duty, *damages* and *injury* suffered by the plaintiff as the demonstrable effect of the breach of duty. Negligence is, therefore, the absence of care according to the circumstances. So, an action for negligence involves the

certain and definite allegation of the circumstances, and the failure of the defendant to exercise the care which the law required according to these circumstances. If the allegations should be insufficient to show a duty breached which was the efficient cause of the injury, the declaration is bad on demurrer."

See 1 Poe, *Pleading and Practice* (5th Ed.), §§ 56-60. It is obvious that the necessary allegations of fact sufficient to state a cause of action for negligence in a simple factual situation vary from those in more complex factual situations and a form of declaration useful in the former situation may not be sufficient as a guide in preparing a declaration for the more complex case. This aspect of Maryland pleading is aptly summarized in a careful review of the Maryland cases by Joseph O. Kaiser, of the Baltimore bar and formerly lecturer on pleading at the Law School of the University of Maryland, in his article, *Pleading Negligence in Maryland—Res Ipsa Loquitur as a Rule of Pleading,* 11 Md. L. Rev. 102, at pages 103-104 (1950):

"Thus, a rather flexible standard is presented to the Maryland practitioner for his use in stating a cause of action for negligence. A survey of the Maryland statutory forms and the Maryland cases will demonstrate that where the plaintiff's right and the defendant's corresponding duty are simple and easily perceived, a simple factual statement of the defendant's act or omission in breach thereof, coupled with the general characterization of the defendant's act or omission as negligent, will suffice. On the other hand, the less apparent the plaintiff's right and the defendant's duty, the more likely the pleader will be required to specify the acts or omissions relied upon to constitute the negligent conduct. Otherwise stated, in simple situations involving an easily recognized breach of duty, a general averment of negligence following a simple statement of the defendant's act or omission will be regarded as an ultimate fact; while in more complex situations where the breach of duty is not readily ap-

parent, such an averment will be regarded as a mere legal conclusion."

Cases which illustrate the sufficiency of general statements of the act or omission and a general allegation of negligence are *Philadelphia, Baltimore & Washington R. R. Co. v. Allen,* 102 Md. 110, 62 A. 245 (1905), involving an action by a passenger against a common carrier and *American Express Company v. Denowitch,* 132 Md. 72, 103 A. 96 (1918), involving an action to recover for injuries resulting from a motor vehicle collision. In *Allen* our predecessors held that in view of the high duty owed by a common carrier to its passenger and the statutory form of declaration directly applicable to that situation, the declaration was sufficient which contained allegations that the carrier negligently managed the car and train in which the plaintiff passenger was riding and that the passenger was thereby thrown down and wounded and injured. In *Denowitch* a declaration in a motor vehicle collision case was held sufficient if it alleged that the defendant negligently drove his vehicle into the plaintiff as a consequence of which the plaintiff, without fault on the plaintiff's part, was injured. Except in cases involving such simple and specialized situations as the motor vehicle and carrier-passenger cases, this Court has consistently held that a declaration must, as stated by Judge Alvey, for the Court, in *Gent v. Cole,* 38 Md. 110, 113 (1873) (quoting in part from an opinion by Mr. Justice Butler in *Rex v. Lynne Regis,* Doug. 159), have sufficient specificity in its allegations to provide *"facts * * *,* 'for the purpose of informing the court, whose duty it is to declare the *law* arising upon these facts, and to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it.' " (Emphasis in original.)

This principle of pleading has been applied in many types of cases. In the landmark case of *State, use of Jeter v. Schwind Quarry Co.,* 97 Md. 696, 55 A. 366 (1903),[1] a declaration was

---

1. Mr. Kaiser in his article in 11 Md. L. Rev. 102, already mentioned, states that the Jeter case is "perhaps the most frequently cited case on the sufficiency of a declaration in an action of negligence in Maryland." Id. 113.

held to be insufficient on demurrer which alleged that the defendant operator of a stone quarry negligently directed the decedent of the plaintiff to extract a charge of blasting powder which had been placed in a hole drilled in a rock; that the plaintiff's decedent was not sufficiently skilled for this type of work, was ignorant of the danger involved and was not warned of the danger by the defendant; that in the execution of the work assigned to him, the plaintiff's decedent was killed due to the negligence of the defendant. The trial court sustained a demurrer to the declaration and the judgment for the defendant for costs was affirmed. This Court held that the declaration was insufficient because it failed to allege specifically enough in what way the defendant violated any duty to the plaintiff's decedent, that is, in what respect the place supplied by the defendant for the plaintiff's decedent to work was not safe; what was the particular danger which was created by the negligence of the defendant; and how the allegedly unsafe condition was connected with and caused the accident.

In *Livingston v. Stewart & Co., Inc.,* 194 Md. 155, 69 A. 2d 900 (1949), the declaration alleged that while the plaintiff was a business invitee in the defendant's department store, a two-wheel bicycle fell on the plaintiff as a result of which the plaintiff was injured through the negligence of the defendant and without any fault of the plaintiff. In the bill of particulars filed by the plaintiff, it was stated that the exact facts of the negligence of the defendant were particularly within the knowledge of the defendant which had sole control of the bicycle. This Court held that the lower court properly sustained the demurrer to the declaration because it "contains only the argumentative conclusion that plaintiff's injuries were caused by defendant's negligence, but states no acts done or left undone by defendant which constitute negligence or a negligent manner of doing anything." (194 Md. at 159, 69 A. 2d at 901.) Judge Markell, for the Court, in *Livingston* quoted with approval from *Phelps v. Howard County,* 117 Md. 175, 177, 82 A. 1058, 1059, that " 'the general characterization of an act or omission as negligent, or of a condition as unsafe is not usually a sufficient statement of the supposed ground of liability.' " (194 Md. at 159, 69 A. 2d at 901.)

The distinction between the simple and more sophisticated factual situations is carried over into the official forms adopted under the Maryland Rules. Compare, for example, Official Form 5 a, *Automobile,* which sets out a declaration in negligence for automobile cases containing allegations merely that the "* * * Defendant negligently drove * * * against Plaintiff who was * * * exercising due care; as a result, Plaintiff suffered great pain and injury." with Official Form 5 b, *Other than Automobile,* in which more specific allegations are set out.

In applying the principles of pleading established by the authorities mentioned, we have concluded that the lower court properly sustained the demurrer to the declaration in the present case, for at least two reasons: (a) the declaration does not sufficiently allege negligence and (b) it fails to allege sufficiently a causal connection between the negligence sought to be charged and the injuries allegedly sustained and that such negligence was the proximate cause of the injury sustained.

## (a)

In considering the allegations of the declaration, it is well established that any ambiguity or want of certainty in those allegations must be construed against the pleader. As Judge (now Chief Judge) Hammond stated, for the Court, in *Carder v. Steiner,* 225 Md. 271, 276, 170 A. 2d 220, 222 (1961) :

> "* * * whenever a pleading is so doubtful and ambiguous as to be fairly capable of two interpretations, it will be construed most strongly against the party filing it." (Citing 1 Poe, *Pleading and Practice,* Tiff. Ed., Sec. 557 and prior Maryland cases.)

The act of the defendant alleged in the declaration is that the defendants "permitted a loose board to be placed at the rear door or entrance of the said store for customers and invitees to walk upon to enter said premises." There are no allegations in regard to the size of the board or the specific nature of the danger allegedly involved. There are no allegations that danger existed because the board projected from other boards, or because it was placed on an angle, or because there was a dif-

ference in level between the ground and the surface of the board, or because the board was of such a nature that it would slip or slide when a person walked on it and if this was the situation, why was it the situation. Nor is there any allegation that the defendants placed the board in such a position as would cause it to slip or wobble or otherwise cause a person walking on the board to lose her footing and fall. The allegation is that Mrs. Brooks "tripped and fell as she was walking on said wooden walkway" which, in the absence of any allegation in regard to the nature of the danger created by the board, indicates that Mrs. Brooks lost her footing, which can happen to anyone anywhere regardless of any danger.

As in *Jeter, supra,* there are no allegations of circumstances which would require the defendants to give a warning; there are no allegations which indicate that any danger (not specified in the declaration) created by the board as constituting all or part of the walkway, as the case may be, was not subject to ordinary and obvious observation and as a consequence there was a duty on the defendants to warn. Unless any dangerous implications arising from the presence of the board were such as not to be obvious to ordinary observation by a person in the position of Mrs. Brooks, there would be no primary negligence. The usual nature of planks is so well known and the use of planks as walkways is so usual, that Colwill was entitled to assume, in the absence of any facts other than those alleged in the declaration, that pedestrians are as familiar with the usual aspects and consequences of the use of planks as a walkway as was Colwill. As Judge Melvin, for the Court, quoted from 20 R.C.L. 14, 15 in *Yaniger v. Calvert Bldg. & Con. Co.,* 183 Md. 285, 290, 37 A. 2d 263, 265 (1944) :

> " '* * * no liability is predicable of the injury when it appears that the injured person's knowledge of the danger surpassed or equalled that of the defendant.' "

See also *Bauman v. Woodfield,* 244 Md. 207, 223 A. 2d 364 (1966). Cf. *Katz v. Arundel-Brooks Concrete Corp.,* 220 Md. 200, 151 A. 2d 731 (1959).

In the declaration in the present case, there is no hazard alleged other than the normal, obvious and usual incidents of the

use of a plank as a walkway and this is not a sufficient allegation of any duty on the part of Colwill to Mrs. Brooks.

(b)

The lower court was also correct in holding that the declaration was defective in failing to allege a causal connection between the negligence sought to be charged with the injury sustained and that the negligence charged was the proximate cause of the injury sustained. As Judge Collins, for the Court, aptly stated in *Bohlen v. Glenn L. Martin Co.,* 193 Md. 454, 463, 67 A. 2d 251, 255 (1949) :

> "The mere happening of the injury does not impute negligence. The facts alleged in the declaration must show that plaintiff's injury was the proximate and natural result of some lack of care or diligence on the part of Martin (the defendant). (Citing cases.) * * * Such facts are not alleged in the declaration. Recovery cannot be left to conjecture alone. There is no allegation here how the accident happened. There must be a causal connection between the facts alleged and the negligence claimed." (Citing cases.)

The allegations in the declaration appear to state that Mrs. Brooks lost her footing as she was walking on a wooden walkway consisting of a board at the rear of Read's store. It is apparent that if she was already walking on the walkway, she did not trip over the board because of any difference in the board's height from the ground. There is no supporting allegation in regard to how Mrs. Brooks' loss of her footing was caused by, or connected with, any negligence of the defendants. Again, as in *Jeter, supra,* there is no specification of the nature of the danger, how that danger was connected with any negligence of the defendants, and how the loss of footing by Mrs. Brooks was proximately caused by any danger which the defendants had negligently created.

Colwill contends with much force that the allegations of the declaration indicate that Mrs. Brooks was guilty of contributory negligence *as a matter of law,* relying on *Yaniger v. Calvert Bldg. & Con. Co., supra.* In view of our conclusion that the

declaration is defective in the two respects already discussed, we do not deem it necessary to pass upon this interesting question.

Mrs. Brooks earnestly contends that the declaration followed the suggested forms set out in Code (1957), Article 75, Section 14 (36) and (37), and was patterned almost verbatim upon Official Form 5 b of the Maryland Rules.

Article 75, Section 14 (36) sets out the statutory form for the special case of a public carrier-passenger injury as follows:

> "That the defendant is a corporation, owning a railroad between B. and C.; that the plaintiff was a passenger on said railroad, and by reason of the insufficiency of an axle of the car in which he was riding the plaintiff was hurt; and the defendant did not use due care in reference to said axle, but the plaintiff did use due care."

We have already indicated that this special situation and the sufficiency of allegations for it are not in point in the present case.

Article 75, Section 14 (37) sets out the form of allegations for another special situation in regard to the maintenance of streets by a municipality. The statutory form is as follows:

> "That the defendant is an incorporated city, and is bound to keep its streets in repair; that one of its streets, called ................ Street, was negligently suffered by the defendant to be out of repair, whereby the plaintiff in traveling on said street and using due care was hurt."

Our predecessors have noted that this form is literally defective in that it fails to allege either actual or constructive notice of the alleged defective condition in the street, an essential to the statement of a good cause of action, but construed the form as implying such a necessary allegation. See *Wash., B. & A. R. Co. v. Cross,* 142 Md. 500, 505, 121 A. 374, 375 (1923) and *Neuenschwander v. Washington Suburban Sanitary Comm.,* 187 Md. 67, 72, 48 A. 2d 593, 596 (1946).

The special situation covered by this statutory form with the construction of it by this Court obviously makes it of little

use as an analogous form in other cases. As pointed out in regard to this statutory form in Kaiser, *Pleading Negligence in Maryland—Res Ipsa Loquitur as a Rule of Pleading,* 11 Md. L. Rev. 102, at 108:

> "More particularization of the facts and circumstances than required by the code form and the above cases may be necessary to demonstrate that the negligent failure to abate a nuisance in the form of an obstruction on a public way is the proximate and not the remote cause of the injury involved."

The reliance of Mrs. Brooks on Official Form 5 b is also misplaced. In that form, the following is set forth:

> "On or about August 1, 1960, Defendant operated a department store at 100 Maple Street in Baltimore City, to which the public was invited to shop for merchandise. The Plaintiff on said date was in the Defendant's store as a customer or invitee, in response to Defendant's invitation. The Defendant negligently permitted a loose board to protrude several inches above the level of the third stair from the top of the stairway between the second and third floors of the store. The condition thus created was hazardous for persons using the stairs, and no warning was given to Plaintiff of the existence of said condition or the danger created thereby. While exercising due care, Plaintiff tripped and fell as he was descending said stairway, and suffered great pain and injury, all of which was proximately caused by the negligence of the Defendant."

In this form it is alleged that the defendant department store *"permitted* a loose board *to protrude* several inches above the level of the *third stair from the top of the stairway* between the second and third floor of the store;" (emphasis supplied) this condition was hazardous to persons using the stairs; *no warning was given* the plaintiff of the existence of the condition or the danger; that the plaintiff tripped and fell as he was descending the stairway, resulting in pain and injury, *all of which was* proximately caused by the defendant's negligence.

The differences between the allegations in Official Form 5 b and those in the declaration in the case at bar are clear. In the form, the nature of the danger is clear, i.e., the permitting by the defendant of a board *to protrude* several inches above the third stair from the top of the stairway between the second and third floors of the store which proximately caused the plaintiff, a business invitee, to trip and fall while descending the stairs in the exercise of due care. This danger would not be readily apparent to persons using an interior stairway. The causal connection between the loose *protruding* board and the injury to the plaintiff is sufficient to establish a factual basis for the allegation of proximate cause. It is apparent that there is a substantial difference between a loose board protruding on the steps of an interior stairway and a loose board used as a walkway in plain view during the day, leading to the rear entrance of the store. The connection between the tripping of the plaintiff and the action of the defendant is alleged in Official Form 5 b, but no such connection is alleged in the declaration in this case.

In regard to the second count, the allegations of the first count are incorporated by reference in the second count. The allegations of the first count are insufficient to state a cause of action against Colwill, as we have indicated. These allegations and similar allegations in the second count are likewise insufficient to give rise to a claim by Mr. Brooks, as husband, for loss of consortium, in that no liability by Colwill for the injuries of Mrs. Brooks has been sufficiently alleged.

Colwill raises the point that, in any event, the demurrer was properly sustained in regard to the second count as Mrs. Brooks was a necessary party to the second count in that, as a result of our decision in *Deems v. Western Maryland Ry.*, 247 Md. 95, 231 A. 2d 514 (1967), the loss of consortium is the joint property of the husband and wife. As *Deems* was decided after the order of the lower court sustaining the demurrer was passed, the present case could raise the question left open by us in Note 7 of the *Deems* opinion, i.e., "the question of the right of the husband to pursue a pending action which he has brought for loss of consortium due to personal injuries of the wife when the joinder of the wife in such an action has been effectively

barred by the Statute of Limitations or otherwise." It is not necessary in the present case to decide this interesting question, as the second count does not state a cause of action for the other reasons we have already stated.

It was proper for the lower court to enter a judgment for Colwill for costs after the plaintiffs below declined to amend, but the entry of such a judgment will not, of itself, be a reason for striking out the third party cross-claim of Read against Colwill inasmuch as Read filed its motion for leave to file a third-party cross-claim against Colwill prior to the filing of the motion for judgment by Colwill. The entry of judgment for Colwill for costs will be without prejudice to further consideration by the lower court on the remand of the order of June 15, 1967, striking out Read's cross-claim against Colwill as hereinafter set forth.

## (2)

In the present case, Read was given leave to amend its declaration, so that the provisions of Maryland Rule 345 (e), which provides that an order sustaining a demurrer to the entire declaration, *without leave to amend,* shall be deemed to include and constitute a final judgment for costs for the demurring party, do not apply. *See Lange v. Board of Education,* 183 Md. 255, 258-59, 37 A. 2d 317, 320 (1944). It was necessary for Colwill after the plaintiffs declined to amend during the time allowed, to move for judgment for costs and there was no final judgment until such judgment was entered upon Colwill's motion. Read obtained leave of court (even though ex parte) to file its third-party cross-claim against Colwill and actually filed its cross-claim *prior* to the filing of Colwill's motion for judgment, so that the entry of judgment for Colwill for costs *after* the filing of the cross-claim did not eliminate Colwill as a party and justify the granting of Colwill's motion to strike Read's cross-claim for that reason. The lower court was also in error in concluding that, in any event, any claim of Read for indemnity or contribution against Colwill was barred by the three-year Statute of Limitations from the time of the injury, as it is clear that the right of indemnity or contribution does not accrue until Read suffers or pays a judgment,

or settles with the plaintiffs. *See Associated Transport v. Bonoumo,* 191 Md. 442, 447, 62 A. 2d 281, 283 (1948); *O'Keefe v. Baltimore Transit Co.,* 201 Md. 345, 351, 94 A. 2d 26, 28 (1953); *Brady v. Brady,* 110 Md. 656, 665-6, 73 A. 567, 571 (1909); *Southern Maryland Oil Co. v. Texas Co.,* 203 F. Supp. 449 (D. Md. 1962). See also 18 Am. Jur. 2d *Contribution,* Section 93 and the annotation, *Running of statute of limitations against claim for contribution or indemnity based on tort,* 20 A.L.R.2d 925, 927. Colwill properly concedes this, but urges upon us that an order or judgment of the lower court will be affirmed if the result is legally correct, but for a different ground or reason from that stated by the lower court as the basis of its ruling. *See Schriver v. Schriver,* 185 Md. 227, 44 A. 2d 479 (1945). The principle urged upon us is, of course, correct, but its application in the present case meets the difficulty that the granting of the right to file a cross-claim after the period set forth in Maryland Rule 314 d 2 has expired (or the striking out of a cross-claim filed ex parte after the expiration of the permitted period of time) rests in the exercise of the sound judicial discretion of the lower court (*see Apex Express, Inc. v. Baicovitz,* 249 Md. 351, 240 A. 2d 106 (1968) and *Gorn v. Kolker,* 213 Md. 551, 555, 133 A. 2d 65, 68 (1957)) and the record in this case indicates that because of an erroneous view of the applicable law, the lower court has never exercised that sound discretion, because the application of the erroneous legal theory made such an exercise unnecessary. We will therefore remand the order striking out Read's cross-claim against Colwill, without affirmance or reversal, under Maryland Rule 871, so that the lower court may exercise its sound discretion. Among the factors to be considered by the trial court in the exercise of its sound discretion would be, inter alia, (1) the substantial lapse of time in filing the cross-claim and what excuse, if any, Read might have for the delay, (2) the balancing of the policy of eliminating the necessity of the filing of a new action by Read against Colwill if any liability of Read to the plaintiffs is ultimately established and the possible prejudice to Colwill in being required to attend the trial in the present case with the possibility that it might be spared any trial at all; and, (3) the possible further delay or inconvenience in the trial of the issues

in the case between Read and the plaintiffs. These and other factors are for the consideration and evaluation of the trial court, because as Chief Judge Marbury, for the Court, aptly stated in *Northwestern National Life Ins. Co. v. Rosoff, Ltd.,* 195 Md. 421, 436, 73 A. 2d 461, 467 (1950) :

> "Questions of this nature are much better decided by the trial judges than by appellate courts, and the decisions of such judges should only be disturbed where it is apparent that some serious error or abuse of discretion or autocratic action has occurred."

*Judgment for costs in favor of Colwill Construction Company, Inc., dated June 14, 1967, affirmed, without prejudice to further consideration by the lower court of the motion to strike the crossclaim of The Read Drug and Chemical Company of Baltimore City as set forth in the aforegoing opinion, and the order of June 15, 1967, striking out that crossclaim is remanded without affirmance or reversal for further proceedings as set forth in this opinion. Costs to be paid by the appellant, The Read Drug and Chemical Company of Baltimore City.*