UNREPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 0755

September Term, 2015

CHARLES HUNTLEY

v.

LYDIA HUNTLEY

Woodward,
Kehoe,
Zarnoch, Robert A.
          (Retired, Specially Assigned),

JJ.

_____

Opinion by Woodward, J.

_____

Filed: July 12, 2016

*This is an unreported opinion, and it may not be cited in any paper, brief, motion, or other document filed in this Court or any other Maryland Court as either precedent within the rule of stare decisis or as persuasive authority.  Md. Rule 1-104.

Appellant, Lydia Huntley ("Lydia"), filed a Complaint for Absolute Divorce in the Circuit Court for Baltimore County after twenty-eight years of marriage to appellee, Charles Huntley ("Charles"). Lydia requested, among other things, a monetary award, alimony, a portion of the marital share of Charles's retirement benefits, and attorney's fees. Charles filed an answer in which he denied Lydia's entitlement to a monetary award and asked the court to deny Lydia an award of alimony. Charles did not request any affirmative relief aside from the grant of a divorce.

At trial, Charles requested a portion of the marital share of Lydia's retirement benefits, which were already in payout status. The trial court denied Charles's request on the ground that Charles had not included such request in his pleadings. The court awarded Lydia half of the marital portion of Charles's retirement benefits and a monetary award, but denied her request for alimony. The court did, however, grant Lydia an award of $3,500 in attorney's fees.

On appeal to this Court, Charles raises two issues for our review, which we have rephrased as questions:[1]

> 1.    Did the trial court err by refusing to grant Charles a portion of the marital share of Lydia's retirement benefits because of

---

[1] Charles's issues, as presented in his brief, are as follows:

> 1.    Whether the circuit court erred in refusing to divide [Lydia's] US Military Pension and IRA which were marital property, and not providing survival benefits to [Charles].

> 2.    Whether the circuit court erred in awarding $3,500 for attorney's fees to [Lydia].

Charles's failure to include a request for such relief in his pleadings?

2.      Did the trial court abuse its discretion by awarding attorney's fees to Lydia?

For the reasons set forth herein, we answer these questions in the negative and, accordingly, affirm the judgment of the circuit court.

## **BACKGROUND**

Charles and Lydia were married on September 1, 1986, in Harford County. No children were born of the marriage; their two adopted children are emancipated. The parties separated on September 15, 2013.

On October 14, 2014, Lydia filed a Complaint for Absolute Divorce in the circuit court. In her complaint, Lydia requested, among other things, that the court award her alimony, a monetary award, and a portion of the marital share of Charles's retirement benefits, along with attorney's fees. On December 2, 2014, Charles filed his Answer to Complaint for Absolute Divorce, in which he admitted and denied various allegations in the Complaint, including a denial of Lydia's allegation that she was entitled to a monetary award. In the answer, Charles requested no affirmative relief apart from the Court "grant[ing] him a Divorce, and deny[ing] [Lydia] alimony". Charles did not file a counter-complaint.

The circuit court held a trial on May 1 and May 8, 2015. At that time, Charles was sixty years old, and Lydia was sixty-eight years old. The court found that Charles's annual income was approximately $130,000, while Lydia, who was retired, received a total monthly income of around $3,500 from her SSI and military pension, or about $42,000 per year. The

court also found that both parties had a considerable amount of debt: Lydia's debts totaled over $459,000, while Charles's debts totaled $23,500. In addition, the court found that the total value of the parties' marital property was almost $96,000.

At trial, Charles requested that he be awarded one half of Lydia's retirement benefits.[2] The trial court denied Charles's request on the ground that Charles had not requested such relief in his answer or by counter-complaint.

At the conclusion of trial, the court issued an oral ruling awarding Lydia a monetary award of $42,600. The court also awarded Lydia one half of the marital share of Charles's retirement benefits. In addition, the court noted that Charles "didn't ask for it, but he's entitled to [Lydia's] Social Security if she's getting Social Security." The court denied Lydia's request for alimony, but awarded her attorney's fees in the amount of $3,500.

On May 12, 2015, the court issued a Judgment of Absolute Divorce, memorializing its oral rulings.[3] On June 10, 2015, Charles noted his appeal to this Court.

## STANDARD OF REVIEW

Maryland Rule 8-131(c) states:

> When an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous, and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

---

[2] Charles did not ask for one half of the marital share of Lydia's retirement benefits; rather, his counsel stated that he "is entitled to half of her retirement and the IRA."

[3] The trial court ordered that Lydia's share of Charles's retirement benefits was payable "if, as, and when [Charles] receives such benefits."

A circuit court's classification of property as marital or non-marital is subject to review under the clearly erroneous standard, while a discretionary standard of review applies to the decision of whether to grant a monetary award and the amount of that award. *Gordon v. Gordon*, 174 Md. App. 583, 625-26 (2007). "Factual findings that are supported by substantial evidence are not clearly erroneous." *Richards v. Richards*, 166 Md. App. 263, 272 (2005). Under the abuse of discretion standard, "we may not substitute our judgment for that of the fact finder, even if we might have reached a different result, absent an abuse of discretion." *Gordon*, 174 Md. App. at 626 (citations and internal quotation marks omitted).

As for attorney's fees, this Court has stated that an award of such fees

> is governed by the abuse of discretion standard and such an award should not be modified unless it is arbitrary or clearly wrong. Abuse of discretion is determined by evaluating the judge's application of the statutory criteria as well as the consideration of the facts of the particular case. Consideration of the statutory criteria is mandatory in making an award and failure to do so constitutes legal error.

*Ledvinka v. Ledvinka*, 154 Md. App. 420, 432 (2003) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Retirement Benefits

Charles argues that the trial court erred in refusing to divide Lydia's retirement benefits, which she listed on the parties' Rule 9-207 form as marital property. Charles notes that Lydia requested in her Complaint that the Court determine the value of all marital property and contends that, in his answer, he "did not answer, aver, nor in any other manner

4

indicate that he intended to waive his marital portion of the marital property that [Lydia] had sought to have the court make a determination on and value." According to Charles, Lydia was not prejudiced by his failure to request such relief in his answer, "because she agreed on the form that her pension and IRA accounts were marital, and she sought valuation and division of marital assets in her Complaint for Absolute Divorce." Charles argues that the "trial court awarded half of [Lydia's] social security to [Charles] without it being specially plead [sic], but refused to divide [Lydia's] pension and IRA even though the parties stipulated that they were marital property."

Lydia responds that the trial court did not abuse its discretion when it refused to award Charles an interest in Lydia's retirement benefits, because Charles did not request such relief in his answer, and "[a]t no time did [Charles] file a counterclaim or, in the alternative, an amended answer that would have placed [Lydia] on notice of his intent to seek affirmative relief under the Marital Property Act at trial." According to Lydia, Charles's "reliance on Maryland Rule 9-207 in this matter is misplaced and inapposite to the pleading requirements of Rule 2-305," and notes that Rule 9-207 does not contain any "procedural mechanism" to serve as a request for affirmative relief.

We agree with Lydia that the trial court did not err when it refused to award Charles a portion of the marital share of Lydia's retirement benefits, because Charles did not request such relief in his answer or in any counter-complaint. In *Scott v. Jenkins*, the Court of Appeals explained the paramount importance of pleading:

> **Of the necessities for the prosecution of a successful lawsuit, none is more important than the pleading. It is the first,**

**and sometime the last, opportunity a plaintiff has to make his or her case.** Although Maryland abandoned the formalities of common law pleading long ago, it is still a fair comment to say that **pleading plays four distinct roles in our system of jurisprudence. It (1) provides notice to the parties as to the nature of the claim or defense; (2) states the facts upon which the claim or defense allegedly exists; (3) defines the boundaries of litigation; and (4) provides for the speedy resolution of frivolous claims and defenses.** John A. Lynch, Jr. & Richard W. Bourne, <u>Modern Maryland Civil Procedure</u> § 6.1 (1993). **Of these four, notice is paramount.** *American Express Co. v. State*, 132 Md. 72, 74, 103 A. 96, 96 (1918); *Pearce v. Watkins*, 68 Md. 534, 538, 13 A. 376, 377 (1888); *see also Early v. Early*, 338 Md. 639, 658, 659 A.2d 1334, 1343 (1995) ("The Court has no authority, discretionary or otherwise, to rule upon a question not raised by the pleadings, and of which the parties therefore had neither notice nor an opportunity to be heard.").

345 Md. 21, 27-28 (1997) (emphasis added).

In *Scott*, the plaintiff filed a complaint alleging various tort claims against the defendant, a Prince George's County police officer, arising out of "a scuffle" between the parties. *Id*. at 25-26. The plaintiff's complaint demanded "damages in the amount of $500,000.00" for each count, plus costs, as well as any "other and further relief as the court may deem just and proper." *Id*. at 26. At the close of the defendant's case, the plaintiff requested a punitive damages instruction. *Id*. The defendant objected to the inclusion of such instruction on the grounds that (1) the plaintiff's complaint did not include a demand for punitive damages, and (2) the plaintiff did not mention punitive damages during the trial until the discussion of jury instructions. *Id*. The trial court overruled the objection, "noting that [the plaintiff's] claim of $500,000 damages, given the nature of the case, should have forewarned [the defendant] that punitive damages were being sought." *Id*.

6

The Court of Appeals held that the trial court erred in submitting the plaintiff's punitive damages claim to the jury. *Id.* at 38. The Court noted:

> **A claim that "may" support a punitive damages award, does not necessarily apprise the defendant of the true nature of the claim against him. This is especially so, when, as in the instant case, the pleading fails to expressly demand a judgment for "punitive damages."** *See, e.g.*, *Safeway Stores, Inc. v. Barrack*, 210 Md. 168, 175, 122 A.2d 457, 461 (1956) (actual malice necessary to support punitive damages in a false imprisonment claim, but malice is not an element of the tort). **A punitive damages award based upon an insufficiently pleaded complaint may render the judgment constitutionally infirm.** *See Travelers Indemnity Co. v. Nationwide Constr. Corp.*, 244 Md. 401, 410-411, 224 A.2d 285, 290 (1966) ("Where a judgment was outside the cause of action stated in the complaint and the defendant was not given a fair opportunity to defend against the claim on which the judgment was based, the judgment is invalid and subject to collateral attack.").

*Id*. at 35-36 (emphasis added); *see also Hoang v. Hewitt Ave. Assocs., LLC*, 177 Md. App. 562, 588 (2007) (concluding "that an *ad damnum* clause that seeks damages 'in excess of' a stated amount cannot satisfy the plain language directive of Rule 2-305, that 'a demand for a money judgment shall include the amount sought'").

This Court has held that pleading requirements apply equally in the family law context. In *Ledvinka*, the appellee filed an amended complaint containing three counts: annulment, intentional infliction of emotional distress, and fraudulent inducement to marry. 154 Md. App. at 425 & n.2. In her closing argument at trial, the appellee raised for the first time the issue that appellant may have fraudulently transferred assets. *Id*. at 426. The appellant "responded that if [the appellee] was seeking some form of fraudulent conveyance, the issue was neither pleaded nor was it one of the issues the parties stipulated as being in

controversy at the beginning of the hearing." *Id*. at 427. In a written opinion, the trial court found that the appellant had fraudulently conveyed real property with the intent of keeping the appellee "from 'getting at' it." *Id*.

This Court reversed, holding that the trial court "exceeded its authority in setting aside the conveyance when no cause of action sufficient to put [the] appellant on notice that the property was in dispute was pleaded." *Id*. at 428. We cited to *Scott* and other cases related to "the due process concerns raised by lack of notice in the pleadings." *Id*. at 429 (citations omitted). We also cited to *Gatuso v. Gatuso*, 16 Md. App. 632 (1973):

> **In *Gatuso*, we addressed the issue of what discretion a trial court has to enter an order on issues outside the relief prayed or the issues framed in the pleadings. We held that a trial court "has no authority, discretionary or otherwise, to rule upon a question not raised as an issue by pleadings, and of which the parties therefore had neither notice nor an opportunity to be heard."**
>
> The plaintiff in *Gatuso* sought an order to have her husband adjudged in contempt of a 17-year old court order awarding her alimony and child support. The wife claimed that her husband owed her $26,829 in back payments. The court looked beyond the pleadings and ruled on the facts as they were presented at trial, denied the prayer for a citation of contempt, modified the alimony award, and required the husband to pay the costs associated with the litigation. The plaintiff appealed, raising the issue of the court's authority to reach beyond the pleadings to grant relief. With regard to the trial court's ruling, we wrote: "On proper pleadings and a proper record, the same result may well have been reached. But given jurisdiction of the parties and of the subject matter, **the authority of the court to act in any case is still limited by the issues framed by the pleadings**." We think *Gatuso* is analogous to the case at bar.

*Ledvinka*, 154 Md. App. at 429-30 (emphasis added) (citations and footnote omitted). Thus the holding in *Ledvinka* makes clear that the trial court's authority to grant relief to a party is circumscribed by the relief requested in that party's pleadings. *See id.*

In the case *sub judice*, the only relief that Charles requested in his answer was that the trial court "grant him a Divorce, and deny [Lydia] alimony." Charles also denied Lydia's allegation that she was entitled to a monetary award. Charles never filed a counter-complaint requesting that the court make an equitable division of Lydia's retirement benefits. Because, under *Gatuso* and *Ledvinka*, "the authority of the court to act in any case is still limited by the issues framed by the pleadings," we hold that the trial court did not err by failing to grant Charles a portion of the marital share of Lydia's retirement benefits. *See Ledvinka*, 154 Md. App. at 429-430; *Gatuso*, 16 Md. App. at 636.

Charles's contention, that Lydia was not prejudiced by his failure to request an equitable division of Lydia's retirement benefits because Lydia included such benefits on her Rule 9-207 form, is without merit. As correctly pointed out by Charles, this Court has held that such facts stated on the Rule 9-207 form are "admissions by the parties in a judicial proceeding." *Beck v. Beck*, 112 Md. App. 197, 205 (1996) (discussing "joint S74 Statements," the predecessor to Rule 9-207). Admissions, however, are not the same as pleadings. Thus, although Lydia *admitted* to the existence and value of her retirement benefits, such admissions do not constitute Charles's request in a *pleading* that the court

divide such benefits. *Lydia's* request for a portion of the marital share[4] of Charles's retirement benefits did not put *Lydia* on notice that Charles would request a portion of the marital share of Lydia's retirement benefits.[5]

Furthermore, given her age and disability status, if Lydia had known that Charles was requesting an award of a part of her retirement benefits, she may well have objected to a distribution of Charles's retirement benefits on an "if, as, and when" basis, and instead requested that the circuit court grant her a monetary award based on the value of the parties' marital property, increased by the present value of Charles's retirement benefits. *See* Md. Code (1984, 2012 Repl. Vol.), § 8-204(b)(2) of the Family Law Article ("FL") (requiring that, "[i]f a party objects to the distribution of retirement benefits on an 'if, as, and when' basis and intends to present evidence of the value of the benefits, the party shall give written notice at least 60 days before the date the joint statement of the parties concerning marital and nonmarital property is required to be filed under the Maryland Rules"). Thus Charles's failure to include in his pleadings a request for an equitable division of the marital portion

---

[4] In her complaint, Lydia asked for "the marital share" of Charles's retirement benefits, not for one half of the marital share.

[5] It is important to note that Lydia's retirement benefits were in payout status at the time of trial. The amount of such benefits was integral to the trial court's determination of an award of alimony for *Lydia*, because such benefits were basically considered as Lydia's current income. *Cf. Dietz v. Dietz*, 351 Md. 683, 692-93 (1998) (equating a monetary award to be paid in monthly installments of $1,250 over a fifteen-year period to alimony payments, thus holding that the acquiescence rule did not bar the appeal). Therefore, any award to Charles of a portion of the marital share of Lydia's retirement benefits would have been an important factor in the court's ruling on Lydia's request for an award of indefinite alimony. *See* Md. Code (1984, 2012 Repl. Vol.), § 11-106(b), (c) of the Family Law Article ("FL").

of Lydia's retirement benefits foreclosed Lydia's option to request that the court determine the present value of Charles's retirement benefits and include that value in any monetary award to her.

Finally, we reject Charles's argument that the "trial court awarded half of [Lydia's] social security to [Charles] without it being specially plead [sic], but refused to divide [Lydia's] pension and IRA even though the parties stipulated that they were marital property." Nothing in the Judgment of Absolute Divorce references Lydia's social security benefits. Moreover, the court did not have the power to divide such benefits. *See Pleasant v. Pleasant*, 97 Md. App. 711, 719 (1993) ("[I]t is clear to us that the Supremacy Clause of the United States Constitution precludes states from intervening in the allocation of social security benefits. Consequently, social security benefits may not be considered marital property or be subject to distribution in any manner in a divorce proceeding."). Rather, the court simply noted during trial that Charles is "entitled" to a portion of Lydia's Social Security benefits.

For the foregoing reasons, the trial court did not err in refusing to award Charles a portion of the marital share of Lydia's retirement benefits.

## II. Attorney's Fees

Charles argues that the trial court erred in awarding counsel fees to appellee in the amount of $3,500, because (1) the court considered Lydia's mortgage balances totaling $403,000 as debts, even though those debts were discharged in bankruptcy; (2) Lydia's

"entire legal bill" was only $3,200.73, less than the amount awarded; and (3) the court found Lydia to be self-supporting.

Lydia responds that the trial court did not abuse its discretion in its award of attorney's fees, because it properly considered all the factors required by the statute. Furthermore, Lydia agrees that the attorney's fees invoiced to Lydia totaled $3,200.73, but that such figure ignores the attorney's six hours of trial time at $285 per hour, which at trial Lydia's counsel orally requested that the court consider.

Section 8-214 of the Family Law Article provides for the award of attorney's fees in divorce actions involving the disposition of marital property:[6]

> (a) *Reasonable and necessary expense" defined.*—In this section, **"reasonable and necessary expense" includes:**
>
> > (1) suit money;
> >
> > (2) **counsel fees**; and
> >
> > (3) costs.
>
> (b) *Award authorized.*—At any point in the proceeding under this subtitle, the court may order either party to pay to the other party an amount for the reasonable and necessary expense of prosecuting or defending the proceeding.
>
> (c) *Considerations by court.*—**Before ordering the payment, the court shall consider:**
>
> > (1) **the financial resources and financial needs of both parties; and**

---

[6] FL § 11-110 provides for the award of attorney's fees in actions for alimony. In its oral ruling, the circuit court noted that Lydia was not given an alimony award, but did receive a monetary award.

> **(2)** **whether there was substantial justification for prosecuting or defending the proceeding.**

FL § 8-214(a)-(c) (emphasis added). "The trial court does not have to recite any 'magical' words so long as its opinion, however phrased, does that which the statute requires." *Collins v. Collins*, 144 Md. App. 395, 447 (2002) (citations and internal quotation marks omitted). Denial of a dependent spouse's request for attorney's fees in a divorce action should not be reversed on appeal unless the ruling was arbitrary or clearly incorrect or both. *See Simonds v. Simonds*, 165 Md. App. 591, 616 & n.13 (2005).

In awarding attorney's fees, the trial court stated:

> I come to the subject of attorneys fees. I will award [Lydia] $3,500 in attorneys fees. [Charles's] total outstanding debt appears to be $23,500. [Lydia's] total outstanding debt is $459,524. That's the $403,000 she owes on the mortgages, $21,524 on the Caravan, $2,000 in a note payable to a relative, and the life insurance loan she took out of $33,000. When I looked at the financial resources, [Charles] is currently continuing to earn. His overall income is greater than [Lydia's]. He has more marital property in his name. That's why a monetary award was made. [Lydia] is substantially justified in filing a complaint for an absolute divorce. She did not win on the alimony issue. Probably some part of the attorneys fees were spent on trying to justify the alimony. She has prevailed on her request for a monetary award. I believe under the law she is entitled to an award of attorneys fees. The $285 hourly rate charged by [Lydia's counsel] is a reasonable rate in this market. It's certainly less than many family law lawyers charge. The time spent in the case was a reasonable amount of time. Certainly it is not one of the cases that all of us have seen where many, many services were provided and that were perhaps not necessary. So I will award [Lydia] $3,500 in attorneys fees.

The circuit court clearly made specific factual findings concerning the parties' financial resources and needs, the amount of the attorney's fees requested, and Lydia's

13

justification for prosecuting the instant proceeding. Charles's argument that Lydia's mortgage debts of $403,000 were discharged in bankruptcy is without merit, because the pleadings from Lydia's bankruptcy case show that the U.S. Bankruptcy Court granted JP Morgan Chase Bank's Motion for Relief from Automatic Stay "as to [Lydia's] property at 9315 Waltham Woods Rd, Parkville, Maryland 21234, so that [JP Morgan Chase] can proceed with the foreclosure of its Deed of Trust." In its motion in Bankruptcy Court, which was filed on December 30, 2013, JP Morgan Chase stated that Lydia currently owed approximately $290,671.03 on the first mortgage and $93,091.27 on the second mortgage. These documents show that the mortgages were not discharged in bankruptcy, except for any potential deficiency resulting from a foreclosure sale, which has not yet occurred. Accordingly, Lydia still owes these debts. Therefore, the trial court's finding that Lydia owed $403,000 on her two mortgages as of May 8, 2015, was not clearly erroneous.

Next, Charles is mistaken that Lydia's "entire legal bill" was $3,200.73. Prior to making an award of attorney's fees, the circuit court asked Lydia's counsel for the total fees charged. Lydia's counsel submitted an invoice showing an outstanding balance of $1,875.73, and requested that the trial court award that balance and an additional $1,710 for counsel's trial time, "six hours at $285 an hour for a total of $3,585.73." Therefore, the award of attorney's fees in the amount of $3,500 covered this trial time as well as most of Lydia's remaining balance of $1,875.73. Accordingly, the court did not award attorney's fees in an amount more than the amount actually owed.

14

Finally, although it is true that the trial court found that Lydia was self-supporting, such finding was made in the context of the court's alimony analysis, and was one of the reasons that the court denied alimony. The statutory requirement that the court must consider the financial needs and resources of each party does not mean that a finding that one party is self-supporting precludes an award of attorney's fees. *See* FL § 8-214. Because the court considered both parties' financial resources and needs, as well as whether there was substantial justification for Lydia's prosecution of the instant proceeding, the trial court did not abuse its discretion when it awarded Lydia $3,500 in attorney's fees.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED; APPELLANT TO PAY COSTS.**