*Andrew Lasko v. Amanda Lasko*, No. 2702, September Term, 2016.  Opinion by Woodward, J.

**FAMILY LAW — DIVORCE — PLEADINGS**

A defendant can request a monetary award or transfer of an ownership of an interest in property as provided in Md. Code § 8-205(a) of the Family Law Article in a counterclaim for absolute divorce or in an answer to a complaint for absolute divorce.

**FAMILY LAW — DIVORCE — PLEADINGS**

Under Md. Rule 2-323(g), if a claim for relief is placed in an answer, the trial court can still adjudicate that claim as if it had been properly designated as a counterclaim, "if justice so requires."

**FAMILY LAW — DIVORCE — PLEADINGS — NOTICE**

Where wife's answer sufficiently set forth a claim for a monetary award under the Family Law Article, husband was on notice that he was subject to the possibility of the grant of a monetary award.

**FAMILY LAW — DIVORCE — PLEADINGS — NOTICE**

Wife sufficiently set forth a claim for a monetary award because she not only affirmatively requested that the court determine and value the marital property, but also included in her answer a request to be granted "all relief to which she may be entitled pursuant to the Family Law Article.

Circuit Court for Montgomery County
Case No. 128064FL

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2702

September Term, 2016

———————————————————

ANDREW LASKO

v.

AMANDA LASKO

———————————————————

\*Woodward,
Reed,
Friedman,

JJ.

———————————————————

Opinion by Woodward, J.

———————————————————

Filed: April 1, 2020

\*Woodward, Patrick L., J., now retired, participated in the hearing of this case while an active member of this Court, and as its Chief Judge; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and the preparation of this opinion.

Pursuant to Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Appellant, Andrew Lasko ("Andrew"), filed a complaint for limited divorce, custody, child support, and other relief in the Circuit Court for Montgomery County after ten years of marriage to appellee, Amanda Lasko ("Amanda"). Amanda filed an answer to the complaint, as well as a counter-complaint for limited divorce, alimony, and custody. Andrew later filed a supplemental and amended complaint seeking an absolute divorce, custody, child support, and other relief. Amanda did not file an answer to the amended complaint. At trial, Andrew argued that Amanda was not entitled to a monetary award because she had never properly requested one. The trial court, however, determined that Amanda's answer sufficiently pleaded a request for a monetary award and then granted her a monetary award of $35,000.

On appeal to this Court, Andrew raises one issue for our review, which we have rephrased:[1] Whether the circuit court had the authority under the pleadings of the parties to grant a monetary award to Amanda.

For the reasons set forth herein, we shall affirm the judgment of the circuit court.

**BACKGROUND**

Andrew and Amanda were married on December 4, 2004. Three children were born of the marriage of the parties, all of whom are minors. The parties separated on February 21, 2015. On May 22, 2015, Andrew filed a Complaint for Limited Divorce, Custody, Child Support, and Other Appropriate Relief in the circuit court. Relevant to the instant

---

[1] As it appears in Andrew's brief, the issue on appeal is: "Whether the Circuit Court for Montgomery County erred when it granted appellee a monetary award even though appellee did not plead an absolute divorce or make a prayer for a monetary award or distribution of marital property in the form of appellant's retirement."

appeal, Andrew's complaint stated in Paragraph 13 that "[d]uring their marriage, the parties acquired various items of tangible and intangible property, i.e., appliances, furniture, furnishings, automobiles, bank accounts, *retirement accounts*, etc., which are presently owned by one or both of the parties and used primarily for family purposes." (Emphasis added). In Paragraph 14, Andrew alleged that "none of the property described above was acquired prior to marriage, by inheritance or by gift from a third party and none of said property is subject to a valid agreement between the parties." For relief, Andrew requested in Paragraph 6 that the court "determine, at the time of the entry of its Judgment, which of the property owned by the parties is marital property and the value of the same." Additionally, in Paragraph 8, Andrew prayed that he be "granted all relief to which he may be entitled pursuant to the Family Law Article of the Annotated Code of Maryland."

On June 26, 2015, Amanda filed an answer to Andrew's complaint, along with a Counter-Complaint for Limited Divorce, Alimony and Child Custody. In her answer, Amanda admitted to the allegations contained in Paragraphs 13 and 14 of Andrew's complaint. Using almost identical language as that contained in Paragraphs 6 and 8 of Andrew's prayers for relief, Amanda requested that the trial court determine and value the parties' marital property and grant her "all relief to which she may be entitled pursuant to the Family Law Article of the Annotated Code of Maryland." In her counter-complaint, Amanda requested, in her prayers for relief, that she be awarded a limited divorce,[2] sole

---

[2] In her counter-complaint, Amanda also asked for an absolute divorce, but failed to set forth therein any grounds upon which the trial court could have granted her an absolute divorce. Consequently, we will treat Amanda's counter-complaint as one seeking only a limited divorce.

2

physical and legal custody of the parties' minor children, and a mental health evaluation of Andrew prior to granting him any visitation with the minor children, such evaluation being part of the court's consideration in deciding whether to grant visitation.[3]

On August 30, 2016, Andrew filed Plaintiff's Supplemental and Amended Complaint for Absolute Divorce, Custody, Child Support, and Other Appropriate Relief ("amended complaint"). The amended complaint contained the same allegations contained in Paragraphs 13 and 14 of the original complaint[4] and the same prayers for relief contained in Paragraphs 6 and 8 of the original complaint.[5] Amanda did not file an answer to Andrew's amended complaint.

At trial, Andrew argued that the circuit court lacked the authority to grant Amanda a monetary award because Amanda never properly pleaded an absolute divorce or a request for a monetary award. In an opinion filed on January 31, 2017, the trial court stated that, "[w]hile not well articulated, the Court finds [Amanda's answer] sufficient under Md. Rule 2-303" to authorize the court to grant her a monetary award. The court then granted Amanda a monetary award of $35,000, to be paid from Andrew's retirement account. Subsequently, Andrew filed this timely appeal. We will add additional facts as necessary to the disposition of the issue raised herein.

---

[3] Notwithstanding the title to her counter-complaint, Amanda did not ask for an award of alimony.

[4] The allegations of Paragraphs 13 and 14 of the complaint appear verbatim in Paragraphs 14 and 15 of the amended complaint, respectively.

[5] The requests in Paragraphs 6 and 8 of the prayers for relief in the complaint appear verbatim in Paragraphs 6 and 8 of the amended complaint.

## STANDARD OF REVIEW

Maryland Rule 8-131(c) states:

> When an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous, and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

The rule also requires this Court to exercise our independent appraisal of the trial court's application of the law employing the least deferential standard of review. *Walter v. Gunter*, 367 Md. 386, 392 (2002) (stating that "where the order involves an interpretation and application of Maryland statutory and case law, our Court must determine whether the lower court's conclusions are 'legally correct' under a *de nov*o standard of review").

## DISCUSSION

### I.
### Affirmative Relief Requested in an Answer

Andrew contends that the trial court lacked authority to grant Amanda a monetary award because her counter-complaint "[pleaded] only for a limited divorce." Specifically, Andrew asserts that "[i]t is not until the trial court addresses an absolute divorce that it can make a ***marital property determination*** pursuant to Md. Code[ ] [Family Law] § 8-203." (Emphasis in original). According to Andrew, because the trial court cannot make a monetary award until such marital property determination has been made, which can occur only in a proceeding for annulment or absolute divorce, a "pleading for limited divorce cannot effectively seek a monetary award[.]" Andrew argues that Amanda's answer was to his original complaint for a "*Limited Divorce*," and because she never requested an

4

absolute divorce, a monetary award "was not available" to her. (Italics added by Andrew). Amanda rejects Andrew's argument by stating that "[a] party requesting a monetary award is not required to file a complaint for absolute divorce; affirmative relief may be requested in an answer." Moreover, according to Amanda, her answer to Andrew's complaint for a limited divorce "was also her answer to his amended complaint for absolute divorce[.]" We agree with Amanda.

Andrew is correct when he states that "[a] pleading for limited divorce cannot effectively seek a monetary award or transfer of marital property under our statutory scheme as marital property only exists in the context of an absolute divorce or annulment." Md. Code (1984, 2019 Repl. Vol.), § 8-203(a)(1) of the Family Law Article ("F.L.") provides that "[i]n a proceeding for an annulment or an absolute divorce, if there is a dispute as to whether certain property is marital property, the court *shall* determine which property is marital property: (1) when the court grants an annulment or an absolute divorce[.]" (Emphasis added). Section 8-205 then states that a court may grant a monetary award or transfer of ownership of an interest in property, such as a retirement account, "after the court determines which property is marital property, and the value of the marital property." Therefore, it is clear that relief in the form of a monetary award or a transfer of property is not available in a proceeding for a limited divorce. In the instant case, because Amanda's counter-complaint sought only a limited divorce, she was not entitled to a monetary award under that pleading.

Amanda, however, filed an answer to Andrew's complaint. Over 100 years ago, the Court of Appeals held in *Munich Re-Insurance Co. v. United Surety Co.*, 113 Md. 200, 226

5

(1910), that a defendant in an equity suit may ask for relief against the plaintiff in an answer instead of a cross-bill. In *Rand v. Rand*, 13 Md. App. 574 (1971), this Court applied the *Munich* principle to a divorce case.

In *Rand*, the wife requested, among other things, alimony and child support in her answer to the bill of complaint; she, however, did not file a cross-bill affirmatively seeking such relief. *Id.* at 576. Before the trial court, the husband claimed that the wife was not entitled to an award of alimony because she did not seek such relief by way of a cross-bill. *Id.* The trial court rejected the husband's argument and awarded the wife $75.00 per month alimony. *Id.* at 577. On appeal, this Court also rejected the husband's argument. *Id.* at 579–81. We stated that in Maryland the practice "was early adopted" "of allowing cross-relief to be sought by answer instead of by a cross-bill." *Munich*, 113 Md. at 220 (citing *Young v. Twigg*, 27 Md. 620 (1867)). We elaborated:

> We can conceive of no rhyme or reason why child support and alimony cannot be prayed in an Answer to a Bill of Complaint in a divorce case. This is particularly so where, as here, there is a non-culpatory type of divorce proceeding. We think that such a practice can be carried out with justice to all parties, and neither party would be in anywise prejudiced by the form of the pleadings.

*Rand*, 13 Md. App. at 580–81; *see also Roth v. Roth*, 49 Md. App. 433, 440 (1981) (stating that "in any suit for divorce on nonculpatory grounds, dissolution of the marriage permits the court to consider the granting of alimony so long as that question is put in issue by either the original bill or a cross-bill, or *by requesting such affirmative relief in an answer*") (emphasis added).

6

Moreover, the principle set forth in *Munich* and its progeny was not affected by the merger of law and equity achieved by the revisions to the Maryland Rules in 1984. Under Rule 2-305, claims for relief "whether an original claim, counterclaim, cross-claim, or third-party claim," shall set forth facts necessary to constitute a cause of action, along with a demand for judgment for the relief sought. Under Rule 2-323, an answer brings a claim for relief to issue by asserting every defense of law or fact to such claim, except for those defenses provided in Rule 2-322.[6] Although Rule 2-323 does not include claims for relief in an answer, it does specifically state that "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court shall treat the pleading as if there had been a proper designation, if justice so requires." Md. Rule 2-323(g). In other words, if a claim for relief is placed in the answer, the trial court can still adjudicate that claim as if it had been properly designated as a counterclaim, "if justice so requires."

Similar to what we said in *Rand*, "[w]e can conceive of no rhyme or reason" why a request for a monetary award and/or a transfer of property under Section 8-205(a) cannot be prayed in an answer to a complaint for absolute divorce. *See* 13 Md. App. at 580. In our view, under Rule 2-323(g) "justice so requires" where the language of the answer is sufficient to place the plaintiff on notice that the defendant is requesting a monetary award and/or a transfer of property. *See also* Md. Rule 2-303(e) (stating that "[a]ll pleadings shall be so construed as to do substantial justice"). Therefore, we hold that in a proceeding

---

[6] Md. Rule 2-322(a) requires the following defenses to be made by motion to dismiss filed before the answer: "(1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, and (4) insufficiency of service of process." None of these defenses are relevant to the instant appeal.

seeking an absolute divorce, a defendant can request a monetary award, or a transfer of an ownership of an interest in property described in F.L. § 8-205(a)(2), in a counterclaim or in an answer.

As stated above, Amanda filed an answer to Andrew's complaint. Andrew contends, however, that Amanda is not entitled to a monetary award, because her answer was to his complaint for a limited divorce and she did not file an answer to his amended complaint for an absolute divorce. Andrew's contention fails, because Rule 2-341(a) states that, when a pleading is amended and "no new or additional answer is filed within the time allowed, the answer previously filed shall be treated as an answer to the amendment." Thus, when Amanda failed to file an answer to Andrew's amended complaint, her answer to the complaint became, by operation of Rule 2-341(a), the answer to the amended complaint for absolute divorce.

## II.
## Amanda's Request for Relief

Having established that Amanda can request a monetary award or transfer of property under F.L. § 8-205(a) in her answer, we must now decide whether her answer sufficiently set forth such claim for relief. In Paragraph E. of her answer, Amanda requested "[t]hat the Court determine, at the time of the entry of its Judgment, which of the property owned by the parties is marital property and the value of the same." Then in Paragraph G. Amanda asked "[t]hat Defendant [Amanda] be granted all relief to which she may be entitled pursuant to the Family Law Article of the Annotated Code of Maryland."

In its written opinion, the trial court stated, in relevant part:

During trial [Andrew] argued that [Amanda's] pleadings were insufficient to be awarded either alimony or a monetary award. The Court considered [Amanda's] pleadings, specifically DE # 28, 30. The Court will note that in [Amanda's] Answer (DE #28) she specifically requested: "[t]hat the Court determine, at the time of the entry of its Judgment, which of the property owned by the parties is marital property and value of [the] same. That this Court resolve all disputes between the parties with respect to the ownership of property and grant a decree that states what the ownership interest of each party is." While not well articulated, the Court finds the pleading sufficient under Md. Rule 2-303.

In this Court, Andrew argues that Amanda "did not make a prayer for a monetary award or transfer of marital property" in her answer, and thus "there was no notice to [Andrew] that [Amanda] intended to pursue a monetary award or division of [Andrew's] retirement at the time of the hearing." In support of such contention, Andrew relies heavily on this Court's opinion in *Huntley v. Huntley*, 229 Md. App. 484 (2016), claiming that the case *sub judice* "is almost identical to *Huntley*." In our view, however, *Huntley* is clearly distinguishable. We shall explain.

In *Huntley*, Lydia Huntley ("Lydia") filed a Complaint for Absolute Divorce and requested that the trial court award her alimony, a monetary award, and a portion of the marital share of the retirement benefits of her husband, Charles Huntley ("Charles"). *Id.* at 486–87. Charles filed an answer to Lydia's complaint, but did not file a counterclaim. *Id.* at 487–88. In his answer, Charles requested no affirmative relief other than "grant[ing] him a Divorce, and deny[ing] [Lydia] alimony." *Id.* at 488 (alterations in original). Then at trial, Charles requested that the court award him one-half of Lydia's retirement benefits. *Id.* "The trial court denied Charles's request on the ground that Charles had not requested such relief in his answer or by counter-complaint." *Id.*

9

On appeal, Charles argued that the trial court erred in refusing to divide Lydia's retirement benefits, because Lydia requested in her complaint that the court value all marital property, and in his answer Charles did not "indicate that he intended to waive his marital portion of the marital property that [Lydia] had sought to have the court make a determination on and value." *Id.* at 489–90 (internal quotation marks omitted) (alteration in original). Charles further argued that Lydia was not prejudiced by his failure to request a division of her retirement benefits, because Lydia agreed that the retirement benefits were marital property and had requested the court to value and divide such marital property. *Id.* at 490. Lydia responded that "Charles did not request such relief in his answer, and [a]t no time did [Charles] file a counterclaim or, in the alternative, an amended answer that would have placed [Lydia] on notice of his intent to seek affirmative relief under the Marital Property Act at trial." *Id.* (internal quotation marks omitted) (alterations in original). We agreed with Lydia and held that the trial court did not err when it refused to award Charles a portion of the marital share of Lydia's retirement benefits. *Id.* We reasoned that the authority of the circuit court is "limited by the issues framed by the pleadings[.]" *Id.* at 494 (citations omitted). Because Charles did not request an equitable division of Lydia's retirement benefits in his answer and never filed a counterclaim requesting such relief, we concluded that Charles was not entitled to receive any of Lydia's retirement benefits. *Id.*

In *Huntley*, we relied on our previous decisions in *Gatuso v. Gatuso*, 16 Md. App. 632 (1973) and *Ledvinka v. Ledvinka*, 154 Md. App. 420 (2003). In *Gatuso*, the plaintiff requested that the trial court grant an order adjudging her husband (the defendant) in contempt of a seventeen-year-old court order that awarded her alimony and child support

of $30.00 per week. 16 Md. App. at 634. The trial court denied the prayer for contempt, but went on to modify the earlier order to require the defendant to pay $7.50 per week as maintenance for the plaintiff, accounting from the date of the order. *Id.* at 635. The plaintiff appealed, and we reversed the modification, holding that the trial court "has no authority, discretionary or otherwise, to rule upon a question not raised as an issue by the pleadings, and of which the parties therefore had neither notice nor an opportunity to be heard." *Id.* at 633. In *Ledvinka*, the appellee filed an amended complaint requesting an annulment and alleging intentional infliction of emotional distress and fraudulent inducement to marry. 154 Md. App. at 425. Then, in her closing argument, the appellee raised for the first time the issue that the appellant may have fraudulently transferred assets. *Id.* at 426. The trial court ruled that the appellant had fraudulently conveyed real property. *Id.* at 427. This Court reversed and held that the trial court "exceeded its authority in setting aside the conveyance when no cause of action sufficient to put [the] appellant on notice that the property was in dispute was pleaded." *Id.* at 428.

The central point in both *Gatuso* and *Ledvinka* was the importance of the pleadings in framing the issues such that the parties are on notice of the matters in dispute. Indeed, in *Huntley*, we pointed out that in light of the fact that Lydia was retired and receiving a pension,

> if Lydia had known that Charles was requesting an award of a part of her retirement benefits, she may well have objected to a distribution of Charles's retirement benefits on an "if, as, and when" basis, and instead requested that the circuit court grant her a monetary award based on the value of the parties' marital property, increased by the present value of Charles's retirement benefits.

11

*Huntley*, 229 Md. App. at 495 (citation omitted). Thus Charles's failure to request such award in his answer prejudiced Lydia by preventing her from exercising her rights under the Family Law Article.

The critical factual distinction between *Huntley* and the instant case is that Charles did not request in his answer any affirmative relief regarding a monetary award or the transfer of an interest in Lydia's retirement benefits. By contrast, Amanda not only affirmatively requested that the court determine and value the marital property, but also included in her answer a request to be granted "all relief to which she may be entitled pursuant to the Family Law Article."

In granting a monetary award in a divorce action, the trial court undertakes a three-step process: "(1) determine which property is marital property, (2) determine the value of all marital property, and (3) grant a monetary award as an adjustment of the equities and rights of the parties concerning marital property." *Conteh v. Conteh*, 392 Md. 436, 437 (2006) (internal quotation marks omitted). Amanda expressly requested that the court undertake the first two steps in the process. Then she asked for all of the relief to which she may be entitled under the Family Law Article. What she may be entitled to under the Family Law Article is the third step in the process, namely the grant of a monetary award, or the transfer of property, "as an adjustment of the equities and rights of the parties concerning marital property." F.L. § 8-205(a)(1) & (2). Therefore, we conclude that Amanda's answer sufficiently set forth a claim for a monetary award under the Family Law Article, and as a result, Andrew was on notice that he was subject to the possibility of the grant of a monetary award.

12

Our conclusion is buttressed by Andrew's actions in the trial court. In the amended complaint, Andrew used almost identical language to request a monetary award as appears in Amanda's answer. The amended complaint asks in Paragraph 6 that the "Court determine, at the time of the entry of its judgment, which of the property owned by the parties is marital property and the value of the same." Then in Paragraph 8, the amended complaint requests that Andrew "be granted all relief to which he may be entitled pursuant to the Family Law Article of the Annotated Code of Maryland." At trial, Andrew's counsel told the trial court that "we're not seeking a monetary award at this juncture." Later, counsel argued to the court that Amanda "couldn't plead for a distribution of marital property," and "we're not asking for it anymore." Implicit in counsel's assertions to the trial court was his belief that the amended complaint sufficiently pleaded a request for a monetary award. Thus, because Amanda's answer sufficiently set forth a claim for a monetary award under the Family Law Article, the trial court had the authority to grant a monetary award to Amanda. Accordingly, the trial court did not err in so doing.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

13